IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PROSCOVIA SLOBODCICOVA**,

      Plaintiff        Civil No. 3:10-cv-06352-MO

  v.           **OPINION AND ORDER**

**MICHAEL J. ASTRUE**,
Commissioner of Social Security,

      Defendant.

**MOSMAN, J.,**

  Plaintiff Proscovia Slobodcicova ("Slobodcicova") challenges the Commissioner's decision finding her not disabled and denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is AFFIRMED.

  I review the Commissioner's decision to ensure the Commissioner applied proper legal standards and that his findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).

## ANALYSIS

Ms. Slobodcicova asserts that the ALJ should have found her alleged somatoform disorder[1] "severe" at step two in the sequential disability analysis.

**I.    Step Two Findings**

The ALJ found Ms. Slobodcicova's "post-traumatic stress disorder vs. anxiety" "severe" at step two in the Commissioner's sequential disability analysis. Tr. 15. The ALJ noted that Ms. Slobodcicova's medical record contains references to other impairments, including "somatization disorder," and concluded that these impairments "singly or together, have caused only transient and mild symptoms and limitations, are well controlled with treatment or are otherwise not adequately supported by the medical evidence in the record." *Id.*

**A.    Step Two Standards**

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 416.920; *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive. *Id.* At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month durational requirement. 20 C.F.R. §§ 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

Step two findings must be based upon medical evidence. 20 C.F.R. § 416.920(a)(ii). The Commissioner's regulations instruct that an impairment is "not severe" if it "does not significantly

---

[1] Somatoform disorder is a mental disorder characterized by "a pattern of recurring, multiple, clinically significant somatic complaints," which are not explained by any known medical condition or direct effects of a substance. American Psychiatric Association, *Diagnostic and Statistical Manual*, 4th Ed. Text Rev., 486.

PAGE 2 - OPINION AND ORDER

limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a). The step two inquiry is a "threshold inquiry." *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

      B.      **Analysis**

Ms. Slobodcicova does not explain the manner in which her alleged somatoform disorder results in a work-related limitations pursuant to 416.921(a). She instead points to instances in the record showing that physicians diagnosed "probable somatization disorder." Pl.'s Opening Br. 5.

      1.      **Step Two Findings**

Ms. Slobodcicova's indicated citations show that Oleg Reznik, M.D., evaluated Ms. Slobodcicova on November 10, 2005, and concluded that she presented "multiple complaints, probably somatization disorder." AR 171. On November 18, 2005, Dr. Reznik assessed somatization. AR 173. He suggested no work-related restrictions on either occasion. On February 20, 2007, Psychiatrist Soloman Wolf, M.D., wrote a letter to YWCA of Salem, stating, "Mrs. Slobodicova suffers from severe anxiety disorder with significant somatization and [sic] unable to be gainfully employed." AR 197.

The record also shows that Dr. Wolf treated Ms. Slobodcicova on four occasions between March 21, 2006, and June 25, 2006. AR 189-97. Dr. Wolf listed somatoform disorder as a "rule out" diagnosis in his initial March 21, 2006 evaluation. AR 189. His handwritten clinic records show that on April 25, 2006, he noted Ms. Slobodcicova's "stressful family situation," and made no somatoform finding. AR 193-94. On June 13, 2006, Dr. Wolf noted Ms. Slobodcicova's reports of hot flashes and improved sleep, and made an illegible note regarding her affect. He made no

PAGE 3 - OPINION AND ORDER

comments regarding somatoform disorder. AR 194. Finally, on June 25, 2006, Dr. Wolf noted Ms. Slobodcicova's report that of mood lability and difficulty reaching decisions, as well as hot flashes. AR 196. He referred Ms. Slobodcicova to a primary care provider for treatment of her hot flashes, and made no notation regarding somatoform disorder. *Id.*

This evidence, produced between March and June 2006, does not contradict the ALJ's step two findings regarding Ms. Slobodcicova's impairments. A disabling impairment must last twelve months or longer, 20 C.F.R. § 416.909, and an impairment is "non severe" if it does not significantly limit a claimant's ability to perform basic work activities. 20 C.F.R. § 416.921(a). Ms. Slobodcicova's citations and the associated record, discussed above, do not establish that Ms. Slobodcicova experienced her somatoform disorder for more than twelve months, or suggest any specific work-related limitations the ALJ failed to consider. Though Dr. Wolf stated that Ms. Slobodcicova's somatoform disorder, in combination with her anxiety disorder, prevented her from working, he provided no explanation for this statement (AR 197), and his associated chart notes do not support it. AR 193-94. The ALJ may reject physician opinions that are brief, conclusory, and inadequately supported. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Ms. Slobodcicova's citations therefore fail to establish that the ALJ erred at step two.

    **2. Subsequent Somatoform Disorder Findings**

Further, the ALJ's subsequent analysis considered Ms. Slobodcicova's "somatic complaints." AR 18. Any alleged error at step two is harmless if the ALJ subsequently concluded the alleged step two impairment in his subsequent analysis. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). The ALJ's analysis of the medical evidence in construing Ms. Slobodcicova's RFC assessment concluded that no physician identified an etiology for her pain, and found "no objective findings to support a

clear diagnosis or significant functional limitation which prevents the claimant from engaging in all work activity." *Id.* The ALJ cited Dr. Wolf's opinion in support of this finding, and specifically found that Dr. Wolf "identifies no specific functional limitations that prevent the claimant from sustaining employment." *Id.*

The record reflects this analysis. AR 197. As discussed, Dr. Wolf's chart notes and February 20, 2007, letter provided no explanation for his statement that Ms. Slobodcicova's somatoform disorder effected her ability to work. The ALJ may reject a physician opinion that is inadequately supported. *Bayliss*, 427 F.3d at 1216. The ALJ's reasoning on this point is again affirmed as it pertains to Ms. Slobodcicova's RFC.

The ALJ also noted that Dr. Wolf's opinion was based upon Ms. Slobodcicova's reports. AR 19. The ALJ may reject a physician opinion predicated upon reports of a claimant properly found not credible. *Tonapetyan v. Halter*, 242 F.3d 144, 1149 (9th Cir. 2001). The ALJ presently found Ms. Slobodcicova not credible for a variety of reasons (AR 17-18), and Ms. Slobodcicova does not challenge these findings. The ALJ therefore appropriately relied upon his credibility finding in rejecting Dr. Wolf's opinion to the extent it was based upon Ms. Slobodcicova's own reports.

In summary, Ms. Slobodcicova fails to establish reversible error at step two in the sequential proceedings. The ALJ's findings at step two, and his subsequent evaluation of the medical evidence pertaining to her somatoform disorder, are based upon the record and the proper legal standards. These findings are affirmed.

## CONCLUSION

Ms. Slobodcicova fails to show that the ALJ erred in evaluating her alleged somatoform

disorder at step two of the sequential proceedings. The ALJ's decision is based upon the record and the correct legal standards and is therefore AFFIRMED.

IT IS SO ORDERED.

    Dated this  29th  day of September, 2011.

                                            /s/ Michael W. Mosman
                                            Michael W. Mosman
                                            United States District Judge